UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INFORMATION** |
| v. | S1 26 Cr. 31 (CM) |
| BRIAN MCFADDEN, | |
| Defendant. | |

## COUNT ONE
### (Falsification of Books, Records, and Accounts)

The United States Attorney charges:

1.    BRIAN MCFADDEN, the defendant, created false books and records of Edison Nation, Inc. ("Edison Nation"), a publicly traded company for which he served as a consultant. MCFADDEN willfully and knowingly caused the submission of a falsified book, record, and account in response to an inquiry by the Financial Industry Regulatory Authority ("FINRA") in order to conceal the fact that Edison Nation had not, in fact, received a purchase order it previously announced publicly to investors.

### Falsification of Records Following FINRA's Inquiry

2.    Edison Nation was a diversified consumer products business that, among other things, helped entrepreneurs bring new products to market. Beginning in or about March 2020, following the emergence of the COVID-19 pandemic, Edison Nation expanded its business to include products such as hand sanitizer and N95 face masks that were in high demand as a result of the pandemic. On or about April 16, 2020, Edison Nation issued a press release announcing that it had "received over $10 million in orders for the purchase of personal protective equipment," with those orders including products such as "gel-based hand sanitizer, liquid sanitizer, and

protective masks . . . ." The company also filed its press release with the U.S. Securities and Exchange Commission (the "SEC") in a Form 8-K filing.

3.    Although BRIAN MCFADDEN, the defendant, and others working for Edison Nation had discussed a $9 million hand sanitizer purchase with a potential buyer ("Buyer-1") earlier that month, two days before the issuance of the press release, Buyer-1 notified Edison Nation by email that Buyer-1 was "unable to proceed" with the transaction. That anticipated $9 million purchase order formed the basis of the majority of the over $10 million in orders subsequently announced in the company's April 16 press release. As a result, Edison Nation did not, in fact, have over $10 million in orders at the time the press release was issued and the Form 8-K was filed.  On that same date, after the issuance of the press release, Edison Nation's share price increased 197% by market open, and MCFADDEN sold over 30,000 shares of Edison Nation stock, realizing approximately $75,000 more than he would have if he had sold before the issuance of the press release.

4.    On or about April 23, 2020—approximately one week after the press release issued—FINRA contacted Edison Nation to request that Edison Nation provide FINRA with, among other things, copies of the purchase orders supporting the $10 million in purchase orders referenced in the press release.

5.    On or about April 24, 2020, an employee of a company ("Company-1") that had recently placed orders for personal protective equipment with Edison Nation emailed the chairman and chief executive officer of Edison Nation (the "CEO"), in response to a request from the CEO for purchase orders.  The employee stated that the employee had "sent over 4 [Purchase Orders] this morning for you and you should have more on Monday.  We should easily be able to get you over $10M by Monday, April 27th."  Ultimately, Company-1 only placed approximately $2.64

million in orders by April 27, 2020.

6.      Three days later, on or about April 27, 2020, BRIAN MCFADDEN, the defendant, asked a business associate at another company ("Company-2") to create a $9 million backdated purchase order for hand sanitizer. In response, Company-2 provided Consultant-1 with the requested purchase order backdated to April 12, 2020 (the "Company-2 Purchase Order"). In the process of creating the Company-2 Purchase Order, MCFADDEN and the associate at Company-2 exchanged a series of text messages. In those messages, MCFADDEN told the associate at Company-2 that he needed "a major favor," asked the associate to send Company-2's logo, and told the associate, "[I] made [the purchase order] nice for you," and "i'll send it back for your approval." The Company-2 Purchase Order was not a bona fide order.

7.      On or about April 28, 2020, BRIAN MCFADDEN, the defendant, knowingly caused the submission to FINRA of the Company-2 Purchase Order, along with a spreadsheet falsely listing the Company-2 Purchase Order as having been received on April 12, 2020. Then, on or about May 6, 2020, MCFADDEN knowingly caused the submission to FINRA of a second email that included another copy of the Company-2 Purchase Order and contained false and misleading statements about the Company-2 Purchase Order, including that "[o]n April 12, 2020, [Edison Nation] received a verbal order from [Company-2] for $9.0 million," that "[o]n April 13, 2020, [Edison Nation] received a[n] additional written purchase order from [Buyer-1] for $9.0 million for the exact same supply," that "[Edison Nation] did not have sufficient supply to fulfill both [Company-2]'s and [Buyer-1]'s purchase orders" and that "[a]s a result, and due to [Edison Nation]'s long business relationship with [Company-2], [Edison Nation] elected to fulfill [Company-2]'s purchase order and not fulfill [Buyer-1]'s purchase order." In truth, it was Buyer-1, not Edison Nation, that had elected not to proceed with the transaction, and Edison Nation had

3

not received any order from Company-2 on or before April 12, 2020.

### Statutory Allegation

8.     From at least in or about April 2020 up to and including at least in or about May 2020, in the Southern District of New York and elsewhere, BRIAN MCFADDEN, the defendant, willfully and knowingly, directly and indirectly, falsified and caused to be falsified a book, record, and account, which was required, in reasonable detail, to accurately and fairly reflect the transactions and dispositions of the assets of an issuer of a class of securities registered pursuant to Title 15, United States Code, Section 78l, to wit, MCFADDEN falsified and caused to be falsified the Company-2 Purchase Order, which was backdated, and a spreadsheet of Edison Nation purchase orders that falsely listed the Company-2 Purchase Order as received on April 13, 2020.

(Title 15, United States Code, Sections 78m(b)(2), 78m(b)(5), and 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-1; Title 18, United States Code, Section 2.)

### FORFEITURE ALLEGATION

9.     As a result of committing the offense alleged in Count One of this Information, BRIAN MCFADDEN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

10.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

4

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

JAY CLAYTON
United States Attorney